■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE BYRDSONG, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered August 18, 1976, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. It was error for the Trial Judge to charge the jury, on the issue of identification, that the complaining witness (the sole eyewitness) was either lying or telling the truth as to the identity of his assailant. He should also have instructed the jury, as requested by defense counsel, that the witness may have been mistaken. This is especially important since identity was the chief issue; the incident was a street mugging which occurred at approximately 3:30 A.M., and the defendant-appellant presented an alibi defense. Similarly, it was error for the court to charge that if the jury believed that the testimony of the two police officers and the complaining witness was truthful, "there can be only one verdict", thereby eliminating the possibility of truthful but mistaken testimony and thus inferentially creating, as a prerequisite for a finding of not guilty, the requirement that the jury must find that the complaining witness and the two police officers had perjured themselves. We also note that the defendant's right to a fair trial was impinged upon as a result of prejudicial comments made by both the Trial Judge and the prosecutor. Hopkins, J. P., Shapiro, Suozzi and Mollen, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN CLARK, Also Known as JOSEPH CAHILL, Appellant.—Two judgments of the County Court, Westchester County, both rendered February 24, 1975, upon resentence (Indictment Nos. 73-321-01 and 73-350-01), affirmed. No opinion. We note that no application for assignment of counsel under Indictment No. 74-200-01 has yet been made. Latham, J. P., Rabin, Titone and O'Connor, JJ., concur.